UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHELLE BAKER,

        Plaintiff,

v.                                                    Case No. 19-cv-395-pp

FROEDTERT MEMORIAL HOSPITAL,[1]
and DR. TAYLOR SONNENBERG,

        Defendants.

---

**ORDER SCREENING COMPLAINT (DKT. NO. 1), GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. NO. 4) AND DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION**

---

The plaintiff, representing herself, filed this complaint on March 18, 2019, alleging that defendant Dr. Taylor Sonnenberg—who worked for defendant Froedtert Memorial Hospital—negligently failed to disclose that the plaintiff's mother, Edna Baker, had a dislocated shoulder. Dkt. No. 1 at 2-3. The plaintiff named two defendants: Froedtert Memorial Hospital and Dr. Sonnenberg. Id. She paid the $400 filing fee for a civil case. The clerk's office originally assigned the case to Magistrate Judge Nancy Joseph, but later re-assigned the case to this court. While the docket does not indicate that the plaintiff asked for a summons or served the defendants, the defendants since have filed a motion to dismiss the case, arguing that the court has no subject-

---

[1] The defendants assert that the true name of the defendant hospital is "Froedtert Memorial Lutheran Hospital, Inc. Dkt. No. 5 at 1.

1

matter personal jurisdiction, that the plaintiff did not affect proper service and that the complaint does not state a claim for which a federal court can grant relief. Dkt. No. 4. Because the court agrees that it does not have subject-matter jurisdiction, the court will grant the motion and dismiss the case.

I.     **Failure to Properly Serve the Defendants**

The defendants argue that the plaintiff has not complied with Federal Rule of Civil Procedure 4(m), which requires a plaintiff to serve a defendant within ninety days after the complaint is filed. Dkt. No. 5 at 2-3. They ask the court to dismiss the complaint for insufficient service of process under Fed. R. Civ. P. 12(b)(5). Id. Rule 4(m) requires the plaintiff to serve the complaint on the defendants within ninety days after the complaint is "filed." The Seventh Circuit has held that when a plaintiff applies to proceed without prepaying the filing fee, 28 U.S.C. §1915(a) "implies a different approach." Williams-Guice v. Bd. of Educ. of City of Chi., 45 F.3d 161, 162 (7th Cir. 1995). The court noted that the statute says that the court may *authorize* the filing of a suit without prepaying of the filing fee; that language "impl[ies] that depositing a copy of the complaint with the clerk does not commence the litigation . . . ." Id. (emphasis in the original). "Only the judge's order permitting the plaintiff to proceed *in forma pauperis*, and accepting the papers for filing, would commence the action." Id.; see also, Stephenson v. Peterman, No. 04-C-1228, 2006 WL 8449929, at *3 (E.D. Wis. Feb. 6, 2006).

The plaintiff here is representing herself, but she did *not* file a motion under §1915 asking the court to waive the filing fee. That means that the

2

ninety-day service requirement in Rule 4(m) applied to the plaintiff, and she was required to serve the complaint on the defendants by June 16, 2019. The defendants assert that the plaintiff did not serve them by that date. That fact justifies dismissal of the complaint. But because the plaintiff represents herself and may consider re-filing in the future, the court also analyzes the defendants' claim that this federal court does not have jurisdiction to hear the plaintiff's claims.

II.  **Lack of Subject-Matter Jurisdiction**

   A.  Standard

Even when a self-represented plaintiff pays the filing fee, 28 U.S.C. §1915(e)(2)(B) requires the court to dismiss that plaintiff's case at any time if the court determines the case is frivolous or malicious, fails to state a claim on which a federal court may grant relief, or seeks monetary relief against a defendant who is immune from such relief.  District courts "screen" complaints filed by unrepresented plaintiffs to decide whether they fall into any of these categories.

The federal notice pleading system requires a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff need not plead specific facts, and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Even so, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will

3

not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint's allegations must rise above a speculative level. Twombly, 550 U.S. at 555 (citation omitted). Because the plaintiff represents herself, the court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

    B.    <u>Allegations of Plaintiff's Complaint</u>

The plaintiff states that she is a Wisconsin citizen and wishes to sue Froedtert Memorial Hospital and Dr. Taylor Sonnenberg. Dkt. No. 1. Under her "statement of claim" section, the plaintiff states that she holds the power of attorney for her mother, Edna McClinton. Id. at 2. She says that on March 18, 2016, paramedics transported her mother from the Lake Country nursing home to Froedtert Memorial Hospital Emergency Department "seeking treatment for her swollen left arm." Id. The plaintiff says that defendant Sonnenberg was the attending physician that day. Id. She charges Sonnenberg with failing to disclose to McClinton the fact that an x-ray showed McClinton's shoulder to be dislocated. Id. The plaintiff alleges that Sonnenberg discharged her mother without providing proper treatment and that the injury went undiscovered until July 18, 2018. Id. at 2-3.

Under the "jurisdiction" heading of the plaintiff's complaint, she checked the box indicating that she is pursuing a claim for a violation of federal law. Id.

at 4. She does not specify which federal law she is proceeding under. In her "Relief Wanted" section, the plaintiff asks for "award of money for damages, emotional stress, and pain and suffering due to condition is now chronic. Also, reimbursement for any and all legal fees." Id.

The defendants assert that this court does not have jurisdiction to hear the plaintiff's case based on the facts she has alleged. Dkt. No. 5 at 3-4. They point out that a federal court may decide a case only if it involves a violation of a federal law or a provision of the federal Constitution, or if it involves citizens of different states. Id. at 3. The defendants assert that because the case does not involve citizens of different states, the only basis for this court to decide the case would be if the plaintiff had alleged violations of federal law, and she has not done that. Id. at 3-4.

    C.    Analysis

There are limits on the kinds of cases that a federal court may consider. It has the authority to consider and decide cases that involve violations of *federal* law or the *federal* Constitution. 28 U.S.C. §1331. Federal courts also have the authority to consider and decide lawsuits between citizens of different states, if the amount they are fighting over is more than $75,000. 28 U.S.C. §1332. This is called "diversity" jurisdiction. For a court to have subject-matter jurisdiction based on diversity, there must be "complete diversity." "Complete diversity means diversity "between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state." Lincoln Property Co. v. Roche, 546 U.S. 81, 84 (2005).

The plaintiff, who resides in Milwaukee, Wisconsin, sued the attending physician at Froedtert Medical Hospital as well as the hospital itself. The complaint states that both defendants are citizens of Wisconsin. That means this court can have jurisdiction over the case only if the lawsuit involves a "federal question." As discussed above, the plaintiff charges Dr. Sonnenberg with failing to tell her mother, Edna McClinton, that an x-ray revealed McClinton to have a dislocated shoulder. The plaintiff alleges that her mother's dislocated shoulder went undiscovered for two years—until 2018. The defendants argue, and this court agrees, that these allegations sound like medical negligence or malpractice, which are state-law tort (personal injury) claims. Dkt. No. 5 at 3-4.

There is no federal law prohibiting a doctor from committing malpractice; medical malpractice claims are claims arising under state law. See *e.g.*, Lewis v. McLean, 864 F.3d 556, 560 (7th Cir. 2017). A Wisconsin resident who believes that her doctor has committed malpractice can sue in Wisconsin state court under Wisconsin common-law negligence principles. See, *e.g.,* Estate of Hegarty *ex rel.* Hegarty v. Beauchaine, 727 N.W. 2d 857, 900 (Wis.Ct.App. 2006); Wis. Stat. §655.001 *et seq.* The only way a *federal* court has the authority to decide such a state-law claim is if the plaintiff and the defendant are from different states, and the plaintiff is suing for more than $75,000—and as the court has noted, that is not the case here. Although the plaintiff checked the box on the complaint form indicating that she is "suing for a violation of federal law under 28 U.S.C. §1331," the court cannot find any basis in the

complaint for federal jurisdiction. See Robbins v. Klezka, Case No. 18-cv-990, 2018 WL 5787030, at *2 (E.D. Wis. July 20, 2018). The court must grant the defendants' motion and dismiss the case, because this federal court does not have jurisdiction over the claims the plaintiff has alleged.

**III.     Conclusion**

The court **GRANTS** the defendant's motion to dismiss the case. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED** for lack of subject-matter jurisdiction and will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Sometimes, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 15th day of October, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**